### SAMUEL J. SCOTT *vs.* CHAUNCEY M. CREGO.

The plaintiff conveyed certain premises to W. & C., in trust for the benefit of creditors. W. & C. conveyed the same to the defendant, who then held the premises under a conveyance from H. & S., which the plaintiff (in an action brought to recover the possession of the premises,) challenged as insufficient to convey a title. *Held* that the defendant, under these circumstances, had a right to take a conveyance from W. & C., the prior grantees of the plaintiff, to fortify and protect himself against the hostile action of the plaintiff himself.

*Held, also,* that the deed from the plaintiff to W. &. C. was properly received as evidence on the part of the defendant, as it went to show that after its execution the plaintiff never had any title.

MOTION by the plaintiff for a new trial, on exceptions, ordered to be heard in the first instance at general term. The action was brought to recover the possession of a farm in Conesus, Livingston county, or an undivided half thereof.

The evidence established the following facts : The plaintiff went into possession of the lands described in the complaint as purchaser, and claiming to be owner, in 1829, and obtained a warranty deed of the premises from the owners, Masterton Ure and others, in 1833. The plaintiff continued in the possession and actual occupancy of the premises under this claim of title until May, 1850, a space of more than twenty-one years. The defendant was in possession of the premises at the commencement of the action, and had been since 1850, and shortly after the plaintiff quit the possession. In 1848 the plaintiff executed a deed of the premises in question to Orlando Hastings, as trustee of the estate of Rebecca Scott ; "In trust nevertheless to receive the rents and profits thereof, and apply the same to and for the use of the said Rebecca Scott during her natural life, and then in trust to convey one undivided half thereof to the said Samuel J. Scott the plaintiff, if he should be then living, or if not then living, to such person or persons as would be entitled to inherit the same, if he, the plaintiff, had died seised thereof, and the other undivided half to John R. Scott, if he should be then living, and if not then living, to such person or persons as

would be entitled to the same, if he, John R. Scott, had died seised thereof." The plaintiff went out of possession of the premises in the spring of 1850, because he was required to do so by Mr. Hastings. Rebecca Scott died May 9, 1862. Orlando Hastings died March 19, 1861. On the 18th of June, 1863, the plaintiff demanded the possession of the premises of the defendant. The defendant refused to give up possession, and on the 30th June, 1863, this action was commenced. The defendant, by his answer, denied the allegations of the complaint, and claimed title to one undivided half of the premises in question, under a deed executed by Rebecca Scott and Orlando Hastings as her trustee, and dated May 1st, 1851, and he claimed a right to the possession of the other undivided half by virtue of a lease of the same from Orlando Hastings dated May 1st, 1851. And he alleged that he went into possession under said lease, and had been in possession ever since, *with the consent and knowledge of the plaintiff;* and that the defendant has never had any *notice to quit,* &c. On the trial the defendant, under the general denial in his answer, put in evidence a deed executed by the plaintiff, in 1839, to Joseph Wells and Lester B. Crego, by which the plaintiff conveyed the whole farm in question to said Wells and Crego, in trust for the benefit of his creditors.(*a*) There was no evidence that the title was ever reconveyed to the plaintiff. The defendant also proved all the facts set forth in his second answer, as above; that he purchased one half of the farm of the plaintiff; that he paid the full value thereof; that he went into possession with the consent of the plaintiff; that he took a deed from Rebecca Scott and Hastings, as agreed with the plaintiff; that he leased the other half of Hastings; and occupied the whole farm under the deed and lease. There was no evidence that

(*a*) It did not appear from the papers in this case, though it did in another case decided at the same term, (*Clark* v. *Crego, post,* 599,) that Joseph Wells and Lester B. Crego, October 12, 1863, conveyed the whole farm to the defendant, Chauncey M. Crego.

the defendant ever had notice of the death of Mrs. Scott, or notice to quit.

When the testimony closed, the defendant's counsel renewed a motion for a nonsuit, which he had previously made, on the following grounds :

1st. Since the plaintiff rests his title upon adverse possession, and since he took possession in 1829, and before the Revised Statutes took effect, he must show an adverse possession of twenty-five years, which he has failed to do:

2d. The plaintiff's deed of the premises bears date in 1833, and his adverse possession could only commence then, and from that time to 1850, when he quit the possession, is less than twenty years.

3d. The plaintiff voluntarily delivered up his possession of the land to the defendant.

4th. The trust deed from the plaintiff and wife to Hastings, trustee, &c. shows that the plaintiff has no title to the premises in question. The trust deed conveyed the whole title in law and equity to Hastings, and he can not be divested except by deed.

5th. That the defendant was either a tenant at will or at sufferance of the lands in question, and was entitled to at least one month's notice to quit.

The court denied the motion for a nonsuit, and the defendant's counsel excepted to said decision.

The plaintiff's counsel asked the court to submit the case to the jury. The court denied the motion, and the plaintiff excepted to said ruling and decision. The court then granted the defendant's motion for a nonsuit, and the plaintiff excepted.

*D. W. Noyes*, for the plaintiff.

*A. J. Abbott*, for the defendant.

*By the Court,* JOHNSON, J.   The plaintiff could only recover by proving title in himself, at the time of the commencement of the action.   His claim of title in himself at that time rests substantially upon the position that at the death of Rebecca Scott, the title to the premises previously conveyed by him to Orlando Hastings in trust, reverted to him.   This would have been so, I suppose, had there been no other trust connected with the conveyance but the one in favor of Rebecca Scott during her life.   This being a valid trust, the conveyance vested the legal title in the grantee. The other trusts created by the instrument of conveyance were mere powers in trust, and would not of themselves have vested any estate in the grantee.   But the grantee, Hastings, having the title vested in him, by virtue of the valid trust in the deed, the question is, whether, had he lived, he would not have retained the vested title until the trust powers had been fully executed, and the premises conveyed according to the terms of the powers in trust.   I incline to the opinion that he would, and that under such a trust deed, there is no reverter to the grantor at the termination of the valid trust. If this is so, the plaintiff clearly had no title.   But I do not intend to pass upon this question, as I am unable to see how the plaintiff can avoid the force of the deed from his assignees to the defendant.   The assignment clearly conveyed these premises to the defendant's grantors.   Before this conveyance from the assignees to the defendant, he was not holding under the plaintiff, but under a conveyance from Hastings and Rebecca Scott.   This conveyance the plaintiff challenges as wholly insufficient to convey a title.   In this situation I do not see what was to hinder the defendant from taking a conveyance from prior grantees of the plaintiff, to fortify and protect himself against the hostile action of the plaintiff himself.   There was no estoppel in the case in favor of the plaintiff.   He was no purchaser in good faith, or otherwise, and of course must be held to have been fully cognizant of

the assignment, it being his own act.   The evidence was clearly proper, as it went to show that the plaintiff never had any title after the assignment.   On this ground alone the non-suit was proper.   A new trial must, therefore, be denied.

[MONROE GENERAL TERM, Mach 4, 1867. *Welles, E. Darwin Smith* and *Johnson,* Justices.]